IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

RONDA K. MONTGOMERY                                                            PLAINTIFF

VS.                                CIVIL NO. 05-3037

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                DEFENDANT

## MEMORANDUM OPINION

Ronda Montgomery ("plaintiff"), brings this action pursuant to § 405(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her applications for disability insurance benefits ("DIB"), and supplemental security income benefits ("SSI"), under Titles II and XVI of the Act.

## Background:

The applications for DIB and SSI now before this court were filed on July 11, 2003, alleging disability since May 1, 2003, due to liver disease, alcoholic gastritis, shoulder pain, and depression. (Tr. 12, 49-51, 329-331). An administrative hearing was held on November 18, 2004. (Tr. 343-375).

At the time of the administrative hearing, on November 18, 2004, plaintiff was forty-five years old, possessed a high school education, and had attended "a little vocational school." (Tr. 12, 347). She had past relevant work experience ("PRW"), as an electrician/apprentice and waitress. (Tr. 12, 347-349).

On December 20, 2004, the Administrative Law Judge ("ALJ"), issued a written opinion finding that plaintiff was mentally incapable of meeting competitive standards with regard to

maintaining attention; maintaining regular attendance; completing a normal workday or work week; performing at a consistent pace; understanding, remembering, and carrying out detailed instructions; setting realistic goals or making plans independently of others; and, dealing with the stress of semiskilled and skilled work. (Tr. 20). However, he also determined that plaintiff's chronic alcohol abuse was a material factor to her disability. Absent plaintiff's alcoholism, the ALJ concluded that she was capable of making a successful adjustment to work that exists in significant numbers in the national economy. (Tr. 21). He found that she was capable of performing substantially all of the requirements of light work, and used the Medical-Vocational Guidelines to enter a finding of not disabled. (Tr. 19).

On May 31, 2005, the Appeals Council declined to review this decision. (Tr. 2-4). Subsequently, plaintiff filed this action. (Doc. # 1). The case is now before the undersigned by consent of the parties. Although both parties were afforded the opportunity to file timely appeal briefs, plaintiff chose not to do so. (Doc. # 5). The case is now ready for decision.

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists

AO72A
(Rev. 8/82)

in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in

AO72A
(Rev. 8/82)

light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982) (en banc); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the ALJ's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

At the onset, we note that the ALJ's physical RFC assessment does not take into account plaintiff's shoulder impairment. Records from the St. Louis Veteran's Administration Medical Clinic ("VAMC"), dated October 22, 2003, indicate that plaintiff was seen for an initial assessment. (Tr. 286). She complained of problems with her wrists and hands, cirrhosis of the liver, and depression. Plaintiff also reported a long history of substance abuse, but stated that she had not used illicit drugs in years, and stopped drinking on May 3, 2003. An x-ray of her right arm revealed

AO72A
(Rev. 8/82)

osteoarthritis with shoulder impingement syndrome. (Tr. 265).

On October 26, 2004, plaintiff complained of bilateral shoulder pain, worse on the right than the left. (Tr. 309). On examination, the doctor noted that her supraspinatus musculature was weak, as were the infra and teres minor. Plaintiff had diffuse pain with impingement testing on the right side, and an external rotation of only seventy degrees bilaterally. An MRI of plaintiff's right shoulder showed evidence of a full-thickness supraspinatus tear with no muscle atrophy. Accordingly, plaintiff was diagnosed with a rotator cuff tear on the right side. Dr. Andrew Heinzelmann at the VAMC gave plaintiff a steroid injection. He then prescribed physical therapy. (Tr. 309).

In spite of this evidence, however, the ALJ concluded that the fact that plaintiff had undergone only conservative treatment for her condition indicated that it did not interfere with her ability to perform a full range of light work with no non-exertional limitations. (Tr. 18). *See Delrosa v. Sullivan*, 922 F.2d 480 (8th Cir. 1991) (finding it improper for the ALJ to substitute his own unsubstantiated conclusions regarding the existence of plaintiff's impairments for a treating physician's express diagnosis of such condition). After reviewing the entire record, we do not find substantial evidence to support this finding. The medical evidence of record clearly reveals that plaintiff had a torn rotator cuff and shoulder impingement syndrome, two conditions which allegedly caused her pain. (Tr. 286, 309). Examples of non-exertional limitations include obesity, pain, depression, intolerance to dust or fumes, and difficulty performing manipulative or posterior functions such as reaching, handling, stooping, climbing, crouching, or crawling. 20 C.F.R. § 404.1569(c). The United States Court of Appeals for the Eighth Circuit has made the following

AO72A
(Rev. 8/82)

ruling concerning pain:

> Pain may be a nonexertional factor to be considered in combination with exertional limitations as well as a separate and independent ground for disability. . . . Where pain is considered in combination with exertional limitations, however, it need only be found significant enough to prevent the claimant from engaging in the full range of jobs contemplated by the exertional category for which the claimant otherwise qualifies.

*McCoy*, 683 F.2d at 1148 (reversed on other grounds). As such, we believe that remand is necessary to allow the ALJ to reconsider plaintiff's physical limitations.

The record also makes clear that plaintiff experienced intermittent flare-ups of gastrointestinal bleeding and abdominal pain due to cirrhosis of the liver. (Tr. 142, 150-167, 182-183, 213-228). While we do agree that plaintiff's alcohol abuse was a material factor in causing these symptoms, the record does not make clear whether plaintiff would continue to have flare-ups of this condition, even if she stopped drinking permanently. *See* 42 U.S.C. § 423(d)(2)(C) ("An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled"); *but see also Fastner v. Barnhart*, 324 F.3d 981, 986 (8th Cir. 2003) (stating that when the ALJ is unable to determine whether substance use disorders are a contributing factor material to the claimant's otherwise-acknowledged disability, the claimant's burden has been met and an award of benefits must follow). As such, on remand, the parties are also directed to obtain evidence from plaintiff's treating physicians concerning plaintiff's physical RFC, absent her use of alcohol/drugs.

We also note that the ALJ failed to properly consider plaintiff's mental limitations. The evaluation of a mental impairment is often more complicated than the evaluation of a claimed physical impairment. *Andler v. Chater,* 100 F.3d 1389, 1393 (8th Cir. 1996). Evidence of symptom-

6

free periods, which may negate the finding of a physical disability, do not compel a finding that disability based on a mental disorder has ceased. *Id*. Mental illness can be extremely difficult to predict, and remissions are often of "uncertain duration and marked by the impending possibility of relapse." *Id.* Individuals suffering from mental disorders often have their lives structured to minimize stress and help control their symptoms, indicating that they may actually be more impaired than their symptoms indicate. *Hutsell v. Massanari,* 259 F.3d 707, 711 (8th Cir.2001); 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.00(E) (1999). This limited tolerance for stress is particularly relevant because a claimant's residual functional capacity is based on their ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." *McCoy,* 683 F.2d at 1147.

Although plaintiff did have a history of chronic alcohol and drug abuse, she had been in remission for six months when she was examined by Dr. Vann Smith. During his examination of plaintiff, Dr. Smith concluded that plaintiff had a full scale IQ score of ninety-one, with impaired brain function. (Tr. 297). He diagnosed plaintiff with organic brain syndrome, cognitive dysfunction, substance dependence in early remission, and hepatic disease. (Tr. 297-298). Dr. Smith found that plaintiff's ability to remember work-like procedures; understand, remember, and carry out very short and simple instructions; sustain an ordinary routine without special supervision; make simple work-related decisions; get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; respond appropriately to changes in a routine work setting; deal with normal work stress; be aware of normal hazards and take appropriate precautions; travel in unfamiliar places; and, use public transportation was seriously limited, but not precluded. (Tr. 292-293). Further, Dr. Smith concluded that plaintiff would be unable to meet competitive standards

7

with regard to maintaining attention; maintaining regular attendance; completing a normal workday and workweek; performing at a consistent pace without an unreasonable number and length of rest periods; understanding, remembering, and carrying out detailed instructions; setting realistic goals or making plans independently; and, dealing with the stress of semiskilled and skilled work. (Tr. 292-293). Although Dr. Smith stated that plaintiff's substance abuse had contributed to her symptoms, he also noted that her alcoholism was in early remission. (Tr. 294). Records indicate that she had not had anything to drink in approximately six months.[1] (Tr. 295). Dr. Smith rated plaintiff's global assessment of functioning score to be fifty-five to sixty.[2] (Tr. 298).

We note that this is the only mental RFC assessment contained in the file, in spite of plaintiff's reported history of depression, and medical records dated October 2004, showing that plaintiff was hospitalized for a manic episode and diagnosed with bipolar disorder. (Tr. 286, 295, 325-320). *See Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record). Because the record does not make clear how much of plaintiff's mental condition is caused by her history of alcohol abuse, remand is necessary to allow the ALJ to develop the further record in this regard.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and

---

[1] Plaintiff also testified at the administrative hearing that she had been clean and sober for eighteen months. (Tr. 353).

[2] A global assessment of functioning score of fifty-five to sixty is indicative of moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers). *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV, p. 34 (4th ed. Revised 2000).

AO72A
(Rev. 8/82)

therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ENTERED this 21st day of September 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)